FILED
 2009 Aug-24  AM 11:20
U.S. DISTRICT COURT
  N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **KATHLEENE M. LEITER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 5:08-CV-1453-VEH |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **COMMISSIONER OF SOCIAL** | ) |
| **SECURITY ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Plaintiff Kathleene M. Leiter (hereinafter "Ms. Leiter") brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act. She seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").[1] Ms. Leiter timely pursued and exhausted her administrative remedies available before the Commissioner. The case

---

[1] In general, the legal standards applied are the same regardless of whether a claimant seeks Disability Insurance Benefits (DIB) or Supplemental Security Income (SSI). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statues or regulations found in quoted court decisions.

is ripe for review pursuant to 42 U.S.C. § 405(g)[2] of the Social Security Act.

## FACTUAL AND PROCEDURAL HISTORY

Ms. Leiter was forty-five years old at the time of her hearing before the Administrative Law Judge (hereinafter "ALJ"). (Tr. 17). She has completed some college. (Tr. 32). Her past work experiences include employment as a restaurant manager, waitress, and cashier. (Tr. 17). Her last period of work ended on June 20, 2005. (Tr. 10). Ms. Leiter claims she became disabled on June 20, 2005, due to a transverse fracture of L3, L4, and L5, degenerative changes of the hips, an avulsion fracture of the bottom of the sacrum, and coccygodynia.[3] (Tr. 8, 10).

Ms. Leiter filed her application for a period of disability and DIB on November 16, 2005. (Tr. 8). She filed a Title XVI application for SSI on November 16, 2005. (Tr. 8). The claims were denied by the Commissioner on February 6, 2006. (Tr. 8).

Ms. Leiter filed a timely written request for a hearing on March 20, 2006. (Tr. 8). The hearing was held on December 14, 2006. (Tr. 8). The ALJ concluded that Ms. Leiter was not disabled and denied both her DIB and SSI claims on June 4, 2007. (Tr. 18). The court has carefully considered the record and affirms the decision of the

---

[2] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

[3] Coccygodynia is defined as "pain in the area of the tail bone." NEW WEBSTER'S DICTIONARY AND THESAURUS 905 (1991).

ALJ.

## STANDARD OF REVIEW

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390, 401 (1971); *McRoberts v. Bowen,* 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.*

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[4] The Regulations define "disabled" as the

---

[4]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of June 12, 2009.

"inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;
(2) whether the claimant has a severe impairment;
(3) whether the claimant's impairment meets or equals an impairment listed by the Secretary;
(4) whether the claimant can perform her past work; and
(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled

if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Foote*, 67 F.3d at 1559.

## **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

The ALJ found that Ms. Leiter met the insured status requirements through December 31, 2007. (Tr. 10). He also ruled that Ms. Leiter has not engaged in any substantial gainful activity since her alleged onset date of June 20, 2005. (Tr. 10). The ALJ then decided that Ms. Leiter has a severe combination of impairments including: a transverse fracture of L3, L4, and L5, degenerative changes of the hips, an avulsion fracture at the bottom of the sacrum, and coccygodynia. (Tr. 10). The ALJ determined that Ms. Leiter does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404 Appendix 1, Subpart P, of the Social Security Regulations. (Tr. 13).

The ALJ concluded that Ms. Leiter's impairments prevented her from performing her past relevant work. (Tr. 16). The ALJ found that Ms. Leiter has at least a high school education and is able to communicate in English. (Tr. 17). The

ALJ determined that given Ms. Leiter's "age, education, work experience, and residual function there are jobs that exist in significant numbers in the national economy that the claimant can perform." (Tr. 17). The ALJ finally held that Ms. Leiter was not under a disability at any time through the date of the ALJ's decision and therefore was not eligible for DIB under §§ 216(i) and 223(d) of the Social Security Act. (Tr. 18). Further, the ALJ determined that Ms. Leiter was not disabled under § 1614(a)(3)(A) of the Social Security Act and therefore was not eligible for SSI. (Tr. 18).

## **ANALYSIS**

The court can reverse a finding of the Secretary if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[5]

Ms. Leiter argues that the ALJ erred in failing to give enough weight to Dr. Nesbitt's medical opinion. (Plaintiff's Brief, Doc. 14 at 12). She also contends that

---

[5]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

the ALJ's credibility finding with respect to Ms. Leiter's testimony about her symptoms was not supported by substantial evidence. (Doc. 14 at 15). She further maintains that the ALJ erred in failing to address the side effects of Ms. Leiter's medications. (Doc. 14 at 19). Finally, she asserts that the new evidence presented to the Appeals Council warrants a remand for a new hearing. (Doc. 14 at 21).

I. **SUBSTANTIAL WEIGHT SUPPORTS THE ALJ'S CONCLUSION REGARDING THE MEDICAL JUDGMENT OF DR. NESBITT.**

Ms. Leiter argues that the ALJ failed to give sufficient weight to Dr. Nesbitt's opinion and failed to articulate specific reasons for discounting her treating physician's opinion. (Doc. 14 at 15). She further maintains that, because the ALJ failed to articulate substantial reasons for discrediting Dr. Nesbitt's medical judgment, the opinion of Dr. Nesbitt should be accepted as true as a matter of law. (Doc. 14 at 15).

    A. **The ALJ articulated the weight given to Dr. Nesbit and gave adequate reasons for attributing such weight.**

The Eleventh Circuit Court of Appeals has held that substantial weight must be given to the opinion of the treating physician in determining disability. *Lewis v. Callahan*, 125 F. 3d 1436, 1440 (11th Cir. 1997). The Eleventh Circuit has also held that a physician's opinion may not be dismissed without good cause which occurs when the treating physician's opinion: "was not bolstered by the evidence, evidence

supported a contrary finding, or treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.*

Ms. Leiter cites *Elam v. Railroad Retirement Board*, which held that the Commissioner must give "explicit and adequate" reasons for discrediting the treating physician's opinion. *Elam v. Railroad Retirement Board*, 921 F.2d 1210, 1215 (11th Cir. 1991). The Eleventh Circuit has held that the opinion of the treating physician should be given "considerable weight." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986) (quoting *Perez v. Sanchez*, 653 F.2d 997, 1001 (5th Cir. 1981)). However, the Eleventh Circuit has also noted that this does not make the treating physician's opinion "dispositive." *Chester*, 792 F. 2d at 131.

The ALJ articulated the weight he was giving to Dr. Nesbit's opinion. He stated "some, but not great weight is given to the opinion of Dr. Nesbit." (Tr. 16). He also indicated his reasons for giving that weight. In particular, the ALJ found that Dr. Nesbit performed no objective medical testing on Ms. Leiter. (Tr. 16). Dr. Nesbitt asserted that Ms. Leiter needs to keep her legs elevated during the day, yet the ALJ found this unsupported by the medical evidence. (Tr. 16). The ALJ also found Dr. Nesbitt's assertions to be contradicted by several facts in the record. The ALJ cites the fact that, in Dr. Nesbitt's opinion, he states that Ms. Leiter is not able to sit, stand or walk any hours out of an 8-hour day. (Tr.16). However, the record

indicates that Ms. Leiter had a 12 mile bicycle ride and had walked 3.5 miles on a treadmill since the alleged onset of the disability. (Tr. 300). The ALJ also found that Ms. Leiter had worked two part-time jobs during this period. (Tr. 16). The ALJ also noted that, despite the fact that Dr. Nesbitt stated Ms. Leiter was unable to sit up during the day, she was able to sit up the entire hearing. (Tr. 16).

### B. Dr. Nesbit's opinion should not be accepted as true as a matter of law.

Ms. Leiter cites *MacGregor v. Bowen,* which held that: "Where the Secretary has ignored or failed properly to refute a treating physician's testimony, we hold as a matter of law that he has accepted it as true." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). However, in *MacGregor* the ALJ did not make any finding as to the weight given the physician's opinion nor did he make any attempt to discredit the physician's opinion. *Id*. In the instant case, the ALJ did articulate the weight given to Dr. Nesbitt's opinion. He also articulated adequate reasons for that weight. Therefore, *MacGregor* is significantly distinguishable, and Dr. Nesbit's opinion should not be accepted as true as a matter of law.

## II. THE ALJ EVALUATED THE CREDIBILITY OF MS. LEITER'S COMPLAINTS OF DISABLING PAIN UNDER THE APPROPRIATE LEGAL STANDARD, AND THE DECISION IS SUPPORTED BY SUBSTANTIAL EVIDENCE.[6]

In order to establish the credibility of her subjective complaints of pain and other symptoms, Ms. Leiter must prove "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986) (citing *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985)). In *Wilson v. Barnhart*, the Eleventh Circuit reversed the district court's decision that the ALJ improperly applied the pain standard and found that the ALJ's decision was supported by substantial evidence because "the ALJ made a reasonable decision to reject Wilson's subjective testimony, articulating, in detail, the contrary evidence as his reasons for doing so." *Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002).

The ALJ's credibility finding is supported by substantial evidence. He found that portions of Ms. Leiter's testimony were inconsistent with her medical records.

---

[6]The court notes that the following overall framework and analysis was used in *Vinson v. Astrue*, No. 4:08-CV-0532-VEH, (Doc. #11) (N.D. Ala. Apr. 7, 2009). *Vinson* similarly resulted in an order affirming the ALJ's decision. (Doc. #12)

The ALJ found that the medical records which indicated that she walked over 3 miles on a treadmill and rode a bike 12 miles after her accident to be inconsistent with her testimony about the severity of her pain. (Tr. 16). The ALJ also found from her physical therapy notes that Ms. Leiter was able to ride two hours in a car to attend a funeral and rode pain free on a trip to Birmingham, in contradiction of her testimony. (Tr. 16). The ALJ articulated his specific reasons for doubting Ms. Leiter's testimony and there is substantial evidence supporting his negative finding as to her credibility.

### III.  THE ALJ FULLY DEVELOPED THE RECORD AND ADEQUATELY TOOK INTO ACCOUNT THE SIDE EFFECTS FROM MS. LEITER'S MEDICATION.

Ms. Leiter claims the ALJ also erred by failing to address the side effects of her medication. (Doc 14 at 19). The ALJ noted that when Ms. Leiter takes Cymbalta and Lortab it makes her feel like she is in "lala land." (Tr. 12). He also noted that Ms. Leiter is now taking Motrin for the pain. (Tr. 12). At the hearing, Ms. Leiter testified "I do not like taking pain medicine because I don't function on them." (Tr. 50). She also testified that she is currently taking Motrin every 5 to 6 hours. (Tr. 50).

The Eleventh Circuit has held that an ALJ failed to fully develop the record when: "he neither elicited testimony nor made any findings regarding the effect of [the plaintiff's] prescribed medications upon her ability to work." *Cowart v. Schweiker,* 662 F.2d 731, 737 (11th Cir. 1981). Similarly, Ms. Leiter cites the

11

unpublished decision *McDevitt v. Comm'r of Soc. Sec.,* which determined: "the ALJ failed to properly develop the record by not considering [the plaintiff's] testimony as to the side effects of medications that he was taking and whether those side effects prevented him from performing the job of a telemarketer." *McDevitt v. Commissioner of Social Security*, 241 Fed. Appx. 615, 619 (11th Cir. 2007).

Ms. Leiter claims that the ALJ erred in not taking into account her testimony about the side effects of the medicine she has taken for her pain. (Doc. 14 at 19). However, the record indicates that Ms. Leiter was only taking over the counter Motrin at the time of the hearing. (Tr. 50, 52-53). Ms. Leiter testified that Motrin "eases the pain enough to where I can somewhat function, but it does not have any effects of making me drowsy or loopy." (Tr. 53). Therefore, the medication Ms. Leiter was taking at the time of the hearing does not appear to have the more dramatic effects Ms. Leiter asserts should be taken into account. Accordingly, the ALJ noted the problems Ms. Leiter had with pervious medications and what medications she was taking now. (Tr. 12). The ALJ adequately developed the record and did not err.

### IV. ADDITIONAL EVIDENCE SUBMITTED TO THE APPEALS COUNCIL DOES NOT WARRANT REMAND FOR FURTHER ADMINISTRATIVE CONSIDERATION.[7]

---

[7]The court notes that the following overall framework and analysis was used in *Scott v. Barnhart,* No. 5:06-CV-1901-VEH, (Doc. #12) (N.D. Ala. July 9, 2007). *Scott* similarly resulted in an order affirming the ALJ's decision. (Doc. #13)

Ms. Leiter finally claims that the new evidence she submitted to the Appeals Council warrants remand. (Doc. 14 at 21). She submitted medical notes and MRI results from Dr. Meiman that appear to diagnose her with avascular necrosis. (Tr. 270). She notes that the ALJ concluded that her avascular necrosis was incidental based on the medical record. (Tr. 15, 18). Therefore, she argues that the new evidence shows her avascular necrosis to be much worse than it was found to be by the ALJ and warrants remand to consider it.

When a claimant requests review of an ALJ's decision, the Appeals Council "may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an [ALJ]" 20 C.F.R. § 404.967. The Commissioner's Regulations obligate the Appeals Council to consider any new and "material" evidence. 20 C.F.R. § 404.970(b). "Material" evidence that the Appeals Council is required to consider is evidence that relates to the period on or before the date of the ALJ's decision and, that is therefore, time-relevant. 20 C.F.R. §§404.970(b), 404.976(b)(1). After considering whether the evidence is new and time relevant, the Appeals Council will only grant a request for review of such new and time-relevant evidence that, when considered in conjunction with the evidence before the ALJ, indicates that the ALJ's action, findings, or conclusion is contrary to the law. *See* 20 C.F.R. § 404.970(b).

In this case, the Appeals Council complied with the requirements of § 404.970(b) in denying Ms. Leiter's request for review. The Appeals Council considered the additional evidence submitted by Ms. Leiter but found "no reason under our rules to review the [ALJ]'s decision." (Tr. 1). The Appeals Council did consider the new evidence in conjunction with the other evidence of record and properly denied review.

The standard for a remand based on new evidence is: "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001) (quoting *Caulder v. Bowen*, 791 F.2d 872, 877(11th Cir. 1986)). The Eleventh Circuit has also held that the Appeals Council must consider: "new, material, and chronologically relevant evidence." *Ingram v. Commissioner of Social Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007).

The evidence submitted by Ms. Leiter to the Appeals Council is not "chronologically relevant evidence." In *Wilson v. Apfel*, the Eleventh Circuit considered new evidence of a doctor's opinion written one year after the ALJ's decision. *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999). The court held that:

"While Dr. Felten's opinion one year later may be relevant to whether a deterioration in [the plaintiff's] condition subsequently entitled her to benefits, it is simply not probative of any issue in this case." *Id.*  Similarly, in the instant case, the hearing before the ALJ was held on December 14, 2006. (Tr. 8).  However, the new evidence from Dr. Meiman consists of test results and medical findings dated May 2008. (Tr. 370-374). While these records may impact any future claims to benefits by Ms. Leiter, they are not chronologically relevant to her previously filed DIB and SSI claims. Therefore, the new evidence does not warrant a remand.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is supported by substantial evidence and applies the proper legal standards. Accordingly, the decision of the Commissioner will be affirmed by separate order.

**DONE** and **ORDERED** this 24th day of August, 2009.

                                           **VIRGINIA EMERSON HOPKINS**
                                           United States District Judge